Thank you your honor. Thank you your honors. Hello. Hello. Hello. We have both Mr. Gable and Ms. Bonamici on the line. Yes. Very good. The court will call case number 17-3318 United States v. Sparkman. I will let the advocates know that you have before you Judge Kenneth Ripple by audio and video, Judge Amy Barrett by audio, and then I'm Judge Mike Brennan. We now have you vertical versus horizontal. There we go. And Mr. Gable you can hear me? Yes your honor. And Ms. Bonamici you can hear me? Yes your honor. Very good. We're going to begin now Mr. Gable with you. Andrew Gable on behalf of the appellant Tony Sparkman. I represented Mr. Sparkman on his prior appeal but not did not represent him at trial. The main issue here is whether the first step act which was enacted while Mr. Sparkman's appeal was pending applies to him. Appellant recognizes this court's decision in Pearson before that a sentence is imposed under the first act when it is announced by the district court and not applicable to those on appeal. However Mr. Sparkman's case is slightly different in that he has a co-defendant who was sentenced after the first step was enacted. That co-defendant was sentenced about a year and a half after Mr. Sparkman and that is the appeal that I believe this court will be hearing next. So Mr. Gable are you asking for a carve-out from Pearson just for situations in which it's two co-defendants? I would your honor. I think this is a a unique situation. I was unable to find any other cases where this occurred where you have co-defendants where one gets the benefit of the new law while the other one does not. Especially in a situation like this where Mr. Sparkman as it is right now received a sentence of 40 years and his co-defendant received a sentence of 20 years and that Mr. Sparkman's original sentencing when he received the then the mandatory minimum of 42 years the district court stated that it did not want to impose that sentence it would not if it were not for the mandatory minimums and when Mr. Sparkman was resentenced and received 40 years again the district court stated that it would not give that sentence if it were not mandated by the mandatory minimums  Hector Uriarte acknowledged that Mr. Sparkman was far less involved in these crimes than the co-defendant Hector Uriarte. It's our position that the first step act was enacted to prevent the severe sentences for stacked 924c convictions and by having Mr. Sparkman receive double the sentence of his co-defendant that certainly does not follow what the purpose of the first step act was. Counsel can I ask you a question about your jury instruction argument? Yes. Why should that not be waived? Why is it not law of the case? I mean your client was up before us before and you know one on his the merits of his argument that there was the 924c residual clause was void for vagueness however you know the error didn't affect his substantial rights and so you know he didn't at the end of the day wasn't able to show plain error but regardless this argument wasn't raised at the time it wasn't part of the remand he he didn't make it so I'm not sure why it's before us now. Our position is that with the United States versus Davis Supreme Court case that's an intervening legal authority that would relax the normal waiver rules. It is recognized it was not that issue was not brought up at any time prior however with United States Davis which came about after his sentencing it's our position that that is an intervening legal authority that allows that avoids the waiver requirements. Thank you. There are no further questions I would reserve my time for any rebuttal. Thank you Mr. Gable. Ms. Bonamici will move to you now on behalf of the government. Thank you your honor. As first of all I should mention from the beginning that eligibility for relief under the First Step Act was never raised before the district court. The district court did not issue any decision subject to appeal on that question so we begin there but as to as to the applicability of the First Step Act here is this court analyzed the plain language of or the same plain language in a different provision of the First Step Act but using identical language. The plain language indicates that the Congress intended for these provisions of the Act to apply to defendants who may have committed their crimes prior to the enactment of the Act but who were sentenced after the enactment of the Act and had not had a sentence imposed for the same offense previously. The plain language uses the word imposed and as the court in Pearson emphasized that term generally in common parlance and in all sorts of statutes and rules means the date that the sentence is pronounced by the district court. This court held in Pearson that that means regardless of any future appeals or anything else and there's no this case must be decided on the same basis every all of the analysis that the court provided in Pearson applies here. Are you aware of any position being taken by the government that the use of the phrase plenary resentencing or this sentencing is completely void and we're remanding it for a complete sentencing how that might fit versus the concept of imposing a sentence? Well that's the argument that in the context of a vagueture of the previous sentence that it somehow doesn't exist. In this context well in any context that does not mean that the sentence was not pronounced. It means that its legal effect has changed and the court is free to the purpose of a plenary resentencing and particularly in a case such as this one where a single count was reversed and the rest of the rest of the counts remained intact. The purpose this court has made clear in innumerable cases is to allow the court to put together a sentencing package that takes into account the reversal of the one sentence but also effectuates the court's intent with respect to the sentence as to the other counts. That's what was going on here. So the use of the word plenary a little bit on this distinction between imposed and pronounced that and I understand we may be deviating a bit from the facts before us but it could help us in terms of our interpretation if there was a vacature of the sentencing such that it had to go back and the district court then say commissioned a new PSI where would that leave the previous imposition of the sentence vis-a-vis this application within the first up act? In our judgment it would be exactly the same that doesn't matter in our judgment and the reason is that first of all analyzing the legal effect of subsequent proceedings the status of the sentence at the conclusion of such proceedings none of that really applies to the question of whether the sentence was actually imposed. The sentence is I mean there's no there's really no way to understand imposed. Pronounced actually could be a little bit off in the sense that pronounced often means the oral pronouncement at the time of the sentencing which is normally what's considered to be the sentencing even though the written judgment follows but nevertheless the word pronounced may may focus a little bit on the oral pronouncing or the oral statement of the sentence but the imposition of the sentence is clearly done by the district court at the time that the that the sentence is imposed that that actually I mean the same language is that language that terminology is used in the statutes that deal with whether the court has jurisdiction to review on appeal. I mean that there just can't be any doubt here that a sentence is imposed when it's imposed and when we and and the language in in in the statute is or the statute chose to use the word imposed and chose not to discuss things like you know potential appeals and vacatures and and things like that which it easily could have done. I mean there's a number of ways that this statute could have been written differently to apply to all sentencings regardless of what had happened in the past. I mean they're really honestly you could you could come up with 10 different ways to to voice the the intent or the meaning that that that the defendant attempts to attribute to this language and all of those were options open to Congress but Congress elected to focus on defendants who were being sentenced for the first time and that is what is and and it I think that was intentional I think that's obvious from the language and if it was unintentional then the way to fix that of course is to correct the the statute because the plain language is what we need to go on that's that's the standard that's applied in every case and I don't I don't think that analyzing words that are not used in the statute and circumstances that are not addressed in the statute is a fair way to review the language that's before the court. Does that answer your question? It does, thank you Ms. Bormici. Moving to if there's no further questions as to that issue moving to the second question or second issue raised by the defense here there was no structural error to begin with as we point out in our brief and the issue was definitely waived and definitely decided by this court implicitly in determining that there that the this case so there there can be no question that that issue cannot be resolved and there's nothing to preserve here which is a small issue but just to just to bring this to a close so if there's if there are no further questions from the court the government would ask that this court affirm. Thank you Ms. Bormici. Mr. Gabel we'll go back to you for rebuttal. I think you'll need to unmute Mr. Gabel. Your honor yes yes briefly your honor the government says that the issue about the first step back was not raised in the district court however with the timeline Mr. Sparkman was resentenced in October of 2017 and notice of appeal was filed in November of 2017 and the first step wasn't even enacted until December of 2018 so I'm not sure what the procedure would be to raise that in the district court at that time. And if there are no questions I am finished. Thank you Judge Ripple. Any further questions for the advocates? Judge Barrett? None from me. Thank you Mr. Gabel. Thank you Ms. Bormici. The case will be taken under advisement.